IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE REYBOLD GROUP OF COMPANIES, INC., a Delaware Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN DOEs 1-20,<br><br>　　　　Defendants. | Civil Action No. 17-cv-810-VAC-CJB |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* MOTION FOR EXPEDITED DISCOVERY**

## TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF ACTION ............................................................. 1

II. STATEMENT OF FACTS ................................................................................................... 2

III. REYBOLD'S REQUESTED DISCOVERY ......................................................................... 2

IV. REYBOLD IS ENTITLED TO LIMITED EXPEDITED DISCOVERY ............................. 3

V. CONCLUSION ...................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Assef v. Does 1–10,*
  Civ. No. 15-01960-MEJ, 2015 WL 3430241 (N.D. Cal. May 28, 2015) ............................6

*Cell Film Holdings, LLC v. Does,*
  Civ. No. 3:16-749, 2016 WL 7494319 ............................................................................5

*Georgia Film Fund Four LLC v. John Does 1-20,*
  Civ. No. 13-487–GMS (D. Del. Dec. 20, 2013), ECF No. 7 ............................................3

*Getaway.com LLC v. John Does 1-26,*
  Civ. No. 15-531–SLR, 2015 WL 4596413 (D. Del. July 30, 2015) ..................................3

*Hard Drive Productions., Inc. v. Does 1-30,*
  Civ. No. 2:11-345, 2011 WL 2634166 (E.D. Va. July 1, 2011) ....................................5, 6

*Kone Corp. v. ThyssenKrupp USA, Inc.,*
  Civ. No. 11-465–LPS–CJB, 2011 WL 4478477 (D. Del. Sept. 26, 2011) .......................3

*LHF Productions. Inc., v. John Does 1-10.,*
  Civ. No. 3:16-748, 2016 WL 7422657 ............................................................................5

*Malibu Media LLC v. Doe,*
  Civ. No. 15-1129, 2015 WL 3795948 (M.D. Pa. June 18, 2015) .................................3, 5

*Vision Films, Inc. v. John Does 1-24,*
  Civ. No. 12–1746–LPS–SRF, 2013 WL 1163988 (D. Del. Mar. 20, 2013) ...............3, 4, 5

*Williams v. Ocwen Loan Servicing, LLC,*
  Civ. No. 14-1096–LPS–CJB, 2015 WL 184024 (D. Del. Jan. 13, 2015) ..........................5

*Wiluna Holdings, LLC v. Does 1-50,*
  Civ. No. 13-1143, 2013 WL 1336792 (E.D. Pa. April 3, 2013) ...................................3, 5

**Statutes**

Lanham Act, 15 U.S.C. § 1051 ................................................................................................1

Plaintiff, The Reybold Group of Companies, Inc., ("Reybold"), submits this Memorandum of Law in Support of its *Ex Parte*[1] Motion for Expedited Discovery (the "Motion").

## I. INTRODUCTION AND SUMMARY OF ACTION

Reybold has filed a complaint against Defendant Doe for violation of the Lanham Act, 15 U.S.C. § 1051, et seq., and the commission of various statutory and common law torts under Delaware state law. Defendants John Does (collectively "Doe") are an unknown person or persons posting false information defaming Reybold and diluting its trademark ST. ANDREWS on ApartmentRatings.com and potentially other Internet websites. Compl. at ¶ 2. Defendant has made multiple, inflammatory, knowingly false postings to the website ApartmentRatings.com concerning the St. Andrews Apartment Complex, which is operated by Reybold. *Id.* at ¶¶ 7, 15, 16, 19. Through these unlawful actions, Defendant has damaged Reybold's reputation and trademark.

Defendant Doe's unlawful activities have caused, and will continue to cause, irreparable injury to Reybold by: (1) misrepresenting the nature, characteristics, and/or qualities of Reybold's goods, services, or commercial activities; (2) harming and continuing to harm Reybold's goodwill and reputation; and (3) tarnishing Reybold's ST. ANDREWS mark. Expedited discovery is necessary to identify Defendant Doe(s), so that Reybold may amend the complaint to identify Defendant Doe as a party and to effect service of process of the Complaint filed in the above-captioned action. Absent expedited discovery, Reybold will be unable to protect itself against the unlawful acts committed by Defendant Doe.

---

[1] *Ex Parte* relief is warranted in this case because otherwise Defendant Doe will go unidentified, frustrating Reybold's attempts at service of process in this action.

## II. STATEMENT OF FACTS

Reybold is a Delaware Corporation. *Id.* ¶ 1. Since 2001, Reybold has operated the St. Andrews Apartment Complex ("St. Andrews"), located in Bear, Delaware. *Id.* ¶ 1, 9. By virtue of its operation of St. Andrews, and provision of apartment rental services and ancillary services to consumers under the St. Andrews name and mark, Reybold has obtained common law trademark protection in and to "St. Andrews" (hereinafter "the ST. ANDREWS Mark") at least with respect to the operation of apartment complexes. *Id.* ¶ 9. Reybold also holds numerous Delaware state trade name registrations for ST. ANDREWS and ST. ANDREWS formative marks. *Id.* ¶ 12.

The website ApartmentRatings.com provides, *inter alia*, a forum for users to post and review ratings and comments concerning the quality of apartments throughout the country. *Id.* ¶ 13. Reybold understands that users of ApartmentRatings.com include prospective tenants from around the country who are seeking information concerning apartments in which they have an interest of leasing. *Id.* ¶ 14. ApartmentRatings.com includes a page for St. Andrews. *Id.* ¶ 15. Defendant John Doe is an unidentified individual (or individuals) who made at least 14 anonymous postings on the ApartmentRatings.com page for St. Andrews beginning on or about February 1, 2017. *Id.* ¶¶ 16, 17. Despite its due diligence, Reybold has been unable to identify Defendant Doe.

## III. REYBOLD'S REQUESTED DISCOVERY

Reybold specifically requests leave to issue a third-party subpoena seeking information from ApartmentRatings.com, identifying the source(s) of the posts outlined in paragraph 16 of the Complaint including, at least, the IP address(es) from which such posts originated and any other identifying information for Defendant Doe. Upon receipt of that identifying information

from ApartmentRatings.com, Reybold intends to issue a subpoena seeking subscriber information from the relevant provider(s) of internet services.[2]

## IV.    <u>**REYBOLD IS ENTITLED TO LIMITED EXPEDITED DISCOVERY**</u>

The Court should permit Reybold to conduct the limited, expedited third party discovery regarding Defendant Doe's identity and location. Courts have "broad discretion" to supervise discovery. *See* Fed.R.Civ.P. 26. This latitude includes the ability to permit discovery to commence prior to a Rule 26(f) conference. *See* Fed.R.Civ.P. 26(d)(1) (allowing a party to conduct discovery without a Rule 26(f) conference if ordered by the court).

Courts in this District and from around the country have permitted expedited discovery in the interest of justice in order to allow plaintiffs to identify John Doe defendants under Federal Rule of Civil Procedure 26(d)(1). *See, e.g., Getaway.com LLC v. John Does 1-26*, Civ. No. 15-531-SLR, 2015 WL 4596413 (D. Del. July 30, 2015) (Compendium – 1 to 3); Order Granting Expedited Discovery, *Georgia Film Fund Four LLC v. John Does 1-20*, Civ. No. 13-487-GMS (D. Del. Dec. 20, 2013), ECF No. 7 (Compendium – 4); *Vision Films, Inc. v. John Does 1-24*, Civ. No. 12-1746-LPS-SRF, 2013 WL 1163988 (D. Del. Mar. 20, 2013) (Compendium – 5 to 9). The Third Circuit has not articulated a specific standard for analyzing motions requesting early discovery, but courts in this district have applied a "reasonableness" test that asks whether the plaintiff has shown good cause for expedited discovery. *See, e.g., Kone Corp. v. ThyssenKrupp USA, Inc.*, Civ. No. 11-465-LPS-CJB, 2011 WL 4478477, at *4–6 (D. Del. Sept. 26, 2011) (Compendium – 13 to 15); *Vision Films, Inc.*, 2013 WL 1163988, at *3 (Compendium – 7); *see also Wiluna Holdings, LLC v. Does 1-50*, Civ. No. 13-1143, 2013 WL

---

[2] Depending upon the type of identifying information provided by ApartmentRatings.com, Reybold envisions such subpoenas would be directed toward, for example, internet service providers (ISPs), email providers, or other service providers used by Defendant Doe.

1336792, at *2–3 (E.D. Pa. April 3, 2013) (Compendium – 18 & 19); *Malibu Media LLC v. Doe*, Civ. No. 15-1129, 2015 WL 3795948, at *2 (M.D. Pa. June 18, 2015) (Compendium – 21 & 22).

"Under this 'reasonableness' standard, the court must weigh the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party." *Vision Films, Inc.*, 2013 WL 1163988, at *3 (Compendium – 7) (citing *Kone Corp.*, 2011 WL 4478477, at *4 (Compendium – 13)). The Court performs this analysis "by considering such factors as: (1) the timing and context of the discovery requests[] . . . ; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent." *Id.* (citing *Kone Corp.*, 2011 WL 4478477, at *4 (Compendium – 13)) (omission and alteration in source).

In this action, all factors weigh in favor of granting Reybold's request for early discovery. The requested discovery comes at the commencement of this action and is necessary for Reybold to identify Defendant Doe and to effectuate service of process on Defendant Doe. The scope of the requested discovery is narrowly tailored. Reybold seeks information from ApartmentRatings.com identifying the source(s) of the posts outlined in paragraph 16 of the Complaint including, at least, the IP address(es) from which such posts originated. Upon receipt of that identifying information, Reybold intends to seek information from the relevant provider(s) of internet services (*e.g.*, ISPs and/or email providers) to determine the identity and location of the John Doe defendant(s). This two-step process is necessary because Reybold is unable to independently determine the IP address of the John Doe poster, such information being solely in the possession of ApartmentRatings.com.

The requested discovery is easily-accessible and frequently requested of the proposed respondents. Reybold has been in communication with ApartmentRatings.com, which has

indicated that a subpoena will be required for disclosure of any information concerning the posts in question. Once such information is received from ApartmentRatings.com, it will be of minimal burden to an ISP to determine the subscriber information associated with such IP address(es). Although the requested discovery will be directed at third parties, the proposed non-party subpoenas will be narrowly-tailored to impose a minimal burden. Further, the vital importance of the requests to Reybold's ability to protect itself from defendant Doe's unlawful activity weighs strongly in favor of granting Reybold's requested discovery. Furthermore, ISPs regularly delete data associated with IP addresses, making it possible that the identifying information sought could be lost forever if not pursued at this time. *See Vision Films, Inc.*, 2013 WL 1163988, at *2 (Compendium – 6).

Judges in this District have recognized that "expedited discovery has been deemed appropriate where a plaintiff sought to issue subpoenas to internet service providers ("ISPs") in order to identify alleged copyright infringers named as John Doe defendants." *Williams v. Ocwen Loan Servicing, LLC*, Civ. No. 14-1096–LPS–CJB, 2015 WL 184024, *2 (D. Del. Jan. 13, 2015) (Compendium – 24). Much like the John Doe copyright infringers referenced by the *Williams* Court, in this case "'expedited discovery [is] necessary because evidence identifying the defendants may be destroyed as a result of routine deletion by ISP.'" *Id.* (quoting *Vision Films, Inc.*, 2013 WL 1163988, at *1–2, *4 (Compendium – 5 & 6, 8)). Likewise, such expedited discovery is necessary here to permit Reybold to identify the proper defendant(s), protect its rights, and obtain relief. *See also Hard Drive Prods., Inc. v. Does 1-30*, Civ. No. 2:11-345, 2011 WL 2634166, at *2 (E.D. Va. July 1, 2011) (Compendium – 27).

Moreover, courts in other districts routinely find good cause to grant expedited discovery to enable plaintiffs to identify John Doe defendants in trademark and copyright infringement

cases. *See, e.g., Cell Film Holdings, LLC v. Does*, Civ. No. 3:16-749, 2016 WL 7494319, at *5 (E.D. Va. December 30, 2016) (Compendium – 33) (permitting plaintiff to subpoena internet service providers before 26(f) conference to obtain Doe defendants' identifying information); *Wiluna Holdings*, 2013 WL 1336792, at *3 (same) (Compendium); *Malibu Media*, 2015 WL 3795948, at *2–3 (same) (Compendium – 21 & 22); *LHF Prods. Inc., v. Does 1-10.*, Civ. No. 3:16-748, 2016 WL 7422657, at *5 (E.D. Va. December 22, 2016) (same) (Compendium – 39); *Hard Drive Prods.*, 2011 WL 2634166, at *2 (same) (Compendium – 27); *Assef v. Does 1–10*, Civ. No. 15-01960-MEJ, 2015 WL 3430241, at *3 (N.D. Cal. May 28, 2015) (Compendium – 43) (granting expedited discovery of Doe defendants' contact information and IP addresses). Reybold's requested discovery is consistent with this nationwide practice of allowing early discovery into the identity of John Doe defendants in intellectual property cases.

Accordingly, Reybold requests that the Court grant it permission to conduct the limited, expedited non-party discovery outlined in § III, *supra*.

## V. CONCLUSION

For the foregoing reasons, Reybold requests that this Court grant leave to permit expedited discovery to determine Defendant Doe's identity and grant such further relief as this Court deems proper.

THE REYBOLD GROUP OF COMPANIES, INC.

DATED: June 29, 2017    By: _____
Jeffrey M. Weiner, Esq.
1332 King Street,
Wilmington, DE 19801
302-652-0505 (telephone)
302-652-7824 (telefax)
LegalW@AOL.com (email)

OF COUNSEL:

David E. Weslow (*pro hac vice* application pending)
Alexander B. Owczarczak (*pro hac vice* application pending)
Wiley Rein LLP
1776 K Street, N.W.
Washington, DC 20006
Phone: 202.719.7000
Fax: 202.719.7049
Email: dweslow@wileyrein.com
Email: aowczarczak@wileyrein.com

*Attorneys for Plaintiff*
*The Reybold Group of Companies, Inc.*